B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Visek, Margaret J** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Margaret J McCaskill** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1395** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**406 South Craig Place**<br>**Lombard, IL**<br>ZIP Code **60148** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ☐ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Visek, Margaret J** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ John J Lynch**     **September 30, 2013** Signature of Attorney for Debtor(s)          (Date) **John J Lynch 6270193** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Visek, Margaret J** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Margaret J Visek**
Signature of Debtor  **Margaret J Visek**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**September 30, 2013**
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |

X **/s/ John J Lynch**
Signature of Attorney for Debtor(s)

**John J Lynch 6270193**
Printed Name of Attorney for Debtor(s)

**Lynch Law Offices, P.C.**
Firm Name
**801 Warrenville Road, Ste. 152**
**Lisle, IL 60532**

_____
Address

**Email: JJLynch@JJLynchLaw.Com**
**630-960-4700  Fax: 630-324-7131**
Telephone Number

**September 30, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

| **Signature of Debtor (Corporation/Partnership)** | |

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Margaret J Visek** _____    Case No. _____

                        Debtor(s)      Chapter   **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Margaret J Visek**
                        **Margaret J Visek**

Date:    **September 30, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court

## Northern District of Illinois

In re   **Margaret J Visek** _____,

                                         Debtor

Case No. _____

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 232,637.00 | | |
| B - Personal Property | Yes | 3 | 8,850.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 281,768.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 6,467.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 50,018.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,692.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 18 | | | 6,464.00 |
| Total Number of Sheets of ALL Schedules | | 34 | | | |
| Total Assets | | | 241,487.00 | | |
| Total Liabilities | | | | 338,253.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Margaret J Visek** _____ ,     Case No. _____

                                          Debtor

                                                                      Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 6,467.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 16,025.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 22,492.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,692.00 |
| Average Expenses (from Schedule J, Line 18) | 6,464.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 3,259.35 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 49,131.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 6,467.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 50,018.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 99,149.00 |

B6A (Official Form 6A) (12/07)

.

In re  **Margaret J Visek**                                                          ,    Case No. _____
                                            Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Location: 406 South Craig Place, Lombard IL 60148 Value per zillow.com 9/30/13** | **Fee simple** | - | **232,637.00** | **281,768.00** |

| | | Sub-Total > | **232,637.00** | (Total of this page) |
| | | Total > | **232,637.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re   **Margaret J Visek**                                          ,   Case No. _____
                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on Hand** | J | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking / Savings Account at Citibank and Bank of America** | J | 500.00 |
| | | **Checking / Savings Account at Harris Bank** | - | 100.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Misc Household Goods and Furniture located at - , Resale Value** | J | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Personal Clothing of Debtor** | J | 500.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        2,200.00
(Total of this page)

__2__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Margaret J Visek**                                                    ,   Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Pension from Liberty Mutual** | **-** | **Unknown** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Margaret McCaskill PC Law Practice** | **-** | **500.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                **500.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Margaret J Visek**                                                , Case No. _____
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Kia Rio** | J | 3,000.00 |
| | | **1996 Toyota Camry** | - | 1,400.00 |
| | | **1986 Mercedes 190E- Not Running** | - | 350.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Misc. Office equiptment Computer, printer & phone** | - | 1,400.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 6,150.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 8,850.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

.

In re    **Margaret J Visek**                                    ,    Case No. _____

                                                        **Debtor**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                        $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash on Hand** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking / Savings Account at Citibank and Bank of America** | **735 ILCS 5/12-1001(b)** | **100.00** | **500.00** |
| **Household Goods and Furnishings** | | | |
| **Misc Household Goods and Furniture located at -, Resale Value** | **735 ILCS 5/12-1001(b)** | **1,000.00** | **1,000.00** |
| **Wearing Apparel** | | | |
| **Personal Clothing of Debtor** | **735 ILCS 5/12-1001(a)** | **500.00** | **500.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Pension from Liberty Mutual** | **735 ILCS 5/12-704** | **0.00** | **Unknown** |
| **Stock and Interests in Businesses** | | | |
| **Margaret McCaskill PC Law Practice** | **735 ILCS 5/12-1001(b)** | **450.00** | **500.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2005 Kia Rio** | **735 ILCS 5/12-1001(c)** | **2,400.00** | **3,000.00** |
| | **735 ILCS 5/12-1001(b)** | **600.00** | |
| **1996 Toyota Camry** | **735 ILCS 5/12-1001(b)** | **1,400.00** | **1,400.00** |
| **1986 Mercedes 190E- Not Running** | **735 ILCS 5/12-1001(b)** | **350.00** | **350.00** |

Total:    **6,900.00**    **7,350.00**

__0__    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Margaret J Visek**
,   Case No. _____
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **xxxxxxxx3386** | | | | Opened  4/19/06  Last Active  8/16/12 | | | | | |
| **Creditor #: 1** **Cco Mortgage Corp.** **2812 Emerywood Pkwy** **Richmond, VA 23294** | - | | | Second Mortgage  Location: 406 South Craig Place, Lombard IL 60148 Value per zillow.com 9/30/13 | | | | | |
| | | | | Value $          232,637.00 | | | | 57,654.00 | 49,131.00 |
| Account No. **xxxxx5063** | | | | Opened  4/19/06  Last Active  1/16/12 | | | | | |
| **Creditor #: 2** **Nationstar Mortgage Ll** **350 Highland Dr** **Lewisville, TX 75067** | - | | | First Mortgage  Location: 406 South Craig Place, Lombard IL 60148 Value per zillow.com 9/30/13 | | | | | |
| | | | | Value $          232,637.00 | | | | 224,114.00 | 0.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

**0**____ continuation sheets attached

| | | | |
|---|---|---|---|
| | Subtotal (Total of this page) | 281,768.00 | 49,131.00 |
| | Total (Report on Summary of Schedules) | 281,768.00 | 49,131.00 |

B6E (Official Form 6E) (4/13)

.

In re   **Margaret J Visek** _____,   Case No. _____
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_____

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Margaret J Visek**                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **Creditor #: 1 Social Security Administration Western Program Service Center PO Box 2000 Richmond, CA 94802** | - | | **Overpayment on Social Security** | | | | 6,467.00 | | 0.00 6,467.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet **1** of **1** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | 6,467.00 | 0.00 6,467.00 |
| | Total (Report on Summary of Schedules) | 6,467.00 | 0.00 6,467.00 |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re  **Margaret J Visek**                                                                          ,    Case No. _____
                                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx5889**  Creditor #: 1 **Arnoldharris 600 West Jackson Suite 710 Chicago, IL 60661** | - | | **Opened 10/17/11 Collection 04 Illinois Tollway** | | | | 284.00 |
| Account No. **xxxx9498**  Creditor #: 2 **Arnoldharris 600 West Jackson Suite 710 Chicago, IL 60661** | - | | **Opened  5/07/12 Collection 04 Illinois Tollway** | | | | 215.00 |
| Account No. **xxxx4221**  Creditor #: 3 **Arnoldharris 600 West Jackson Suite 710 Chicago, IL 60661** | - | | **Opened  8/06/12 Collection 04 Illinois Tollway** | | | | 215.00 |
| Account No. **xxxxxxxx6003**  Creditor #: 4 **Cach, Llc 4340 S Monaco St Unit 2 Denver, CO 80237** | - | | **Opened 11/17/11  Last Active  7/01/10 Collection Attorney Wells Fargo Bank  N.** | | | | 3,686.00 |
| __4__ continuation sheets attached | | | Subtotal (Total of this page) | | | | 4,400.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Margaret J Visek**                                          ,          Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | J C | | | | | |
| Account No. **xxxxxxxxxxx0594** | | | | | Opened 4/27/05 Last Active 1/10/06 Credit Card | | | | |
| Creditor #: 5 **Chase** **Po Box 15298** **Wilmington, DE 19850** | - | | | | | | | | 3,825.00 |
| Account No. **xxxxxxxxxxxx2406** | | | | | Opened 9/07/06 Last Active 7/01/11 Credit Card | | | | |
| Creditor #: 6 **Chase** **Po Box 15298** **Wilmington, DE 19850** | - | | | | | | | | 2,140.00 |
| Account No. **xxxx-xxxx-xxxx-6826** | | | | | Consumer Credit/Collection | | | | |
| Creditor #: 7 **Chase Bank** **NCO Financial** **PO Box 15630** **Wilmington, DE 19850** | - | | | | | | | | 5,255.00 |
| Account No. **xxxxxxxxxxxx2371** | | | | | Opened 2/22/02 Last Active 12/29/11 Charge Account | | | | |
| Creditor #: 8 **Citi** **Po Box 6241** **Sioux Falls, SD 57117** | - | | | | | | | | 800.00 |
| Account No. | | | | | Parking Tickets | | | | |
| Creditor #: 9 **City of Chicago Dept of Revenue** **P.O. Box 88292** **Chicago, IL 60680** | - | | | | | | | | 750.00 |

Sheet no. __1__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     **12,770.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Margaret J Visek**                                          ,      Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx6421** <br><br>**Creditor #: 10** <br>**Discover Financial Ser** <br>**Po Box 30954** <br>**Salt Lake City, UT 84130** | - | | **Opened  9/04/07  Last Active  3/18/13** <br>**Student Loan** | | | | 16,025.00 |
| Account No. **xxxxxxx6420** <br><br>**Creditor #: 11** <br>**Discover Financial Ser** <br>**Po Box 30954** <br>**Salt Lake City, UT 84130** | - | | **Opened  3/13/07  Last Active  3/18/13** <br>**Student Loan** | | | | 6,774.00 |
| Account No. **xxxxxxxxxxx4336** <br><br>**Creditor #: 12** <br>**Gecrb/Banana Rep** <br>**Po Box 965005** <br>**Orlando, FL 32896** | - | | **Opened  4/21/06  Last Active  12/15/10** <br>**Charge Account** | | | | 500.00 |
| Account No. **xxxxxxxxxxxx0666** <br><br>**Creditor #: 13** <br>**Hsbc Bank** <br>**Po Box 5253** <br>**Carol Stream, IL 60197** | - | | **Opened  9/05/07  Last Active  3/05/10** <br>**Credit Card** | | | | 300.00 |
| Account No. <br><br>**Creditor #: 14** <br>**Jonathan Schatz, Esq.** <br>**33 N. Dearborn, Ste. 1900** <br>**Chicago, IL 60602** | - | | **Attorney Fees** | | | | 800.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**24,399.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Margaret J Visek**                                          ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxxx2714** | | | | **Opened 6/22/06 Last Active 3/24/13** **Charge Account** | | | | |
| **Creditor #: 15** **Kohls/Capone** **N56 W 17000 Ridgewood Dr** **Menomonee Falls, WI 53051** | - | | | | | | | |
| | | | | | | | | 440.00 |
| Account No. **xxxxxxxx9320** | | | | **Opened 4/21/06 Last Active 12/28/11** **Charge Account** | | | | |
| **Creditor #: 16** **Mcydsnb** **9111 Duke Blvd** **Mason, OH 45040** | - | | | | | | | |
| | | | | | | | | 100.00 |
| Account No. **xxxxx1204** | | | | **Opened 7/11/11** **Collection Attorney Metropolitan Advance** | | | | |
| **Creditor #: 17** **Merchants Credit Guide** **223 W Jackson Blvd Ste 4** **Chicago, IL 60606** | | | | | | | | |
| | | | | | | | | 106.00 |
| Account No. | | | | **Attorney Fees** | | | | |
| **Creditor #: 18** **Stuart Gordon, Esq.** **Morgan & Gordon** **1 Northfield Plaza, Ste. 500** **Northfield, IL 60093** | - | | | | | | | |
| | | | | | | | | 4,000.00 |
| Account No. | | | | **Court Reporting** | | | | |
| **Creditor #: 19** **Veritext Legal Solutions** **1 N. LaSalle Street, Ste. 400** **Chicago, IL 60602** | - | | | | | | | |
| | | | | | | | | 118.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                 4,764.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Margaret J Visek** _____ ,      Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxxxxxxxxxx1268** | | | | **Opened  9/07/07  Last Active 10/16/11** | | | | |
| **Creditor #: 20** **Wff Cards** **3201 N 4th Ave** **Sioux Falls, SD 57104** | - | | | **Credit Card** | | | | |
| | | | | | | | | **3,685.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | **3,685.00** |
|---|---|---|
| | Total (Report on Summary of Schedules) | **50,018.00** |

B6G (Official Form 6G) (12/07)

.

In re   **Margaret J Visek**                                                                    ,      Case No. _____
                                                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Margaret J Visek**                                                                    ,    Case No. _____

                                                                Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Margaret J Visek**                                                              Case No. _____
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Attorney** | |
| Name of Employer | **Margaret McCaskill, P.C.** | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | N/A |
| b. Insurance | $ | 0.00 | $ | N/A |
| c. Union dues | $ | 0.00 | $ | N/A |
| d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 1,095.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 405.00 | $ | N/A |
| 13. Other monthly income (Specify): **Lindernman** | $ | 2,024.00 | $ | N/A |
| **Special Counsel** | $ | 168.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 3,692.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,692.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 3,692.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  **Margaret J Visek**                                                                    Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,093.00 |
| a. Are real estate taxes included?            Yes ___   No **X** | | |
| b. Is property insurance included?            Yes **X**   No ___ | | |
| 2. Utilities:     a. Electricity and heating fuel | $ | 182.00 |
| b. Water and sewer | $ | 105.00 |
| c. Telephone | $ | 0.00 |
| d. Other   **See Detailed Expense Attachment** | $ | 353.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 240.00 |
| 4. Food | $ | 260.00 |
| 5. Clothing | $ | 90.00 |
| 6. Laundry and dry cleaning | $ | 35.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 260.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 40.00 |
| c. Health | $ | 332.00 |
| d. Auto | $ | 60.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   **Property Tax Escrow held by Debtor** | $ | 500.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 1,600.00 |
| 17. Other   **See Detailed Expense Attachment** | $ | 224.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 6,464.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 3,692.00 |
| b.   Average monthly expenses from Line 18 above | $ | 6,464.00 |
| c.   Monthly net income (a. minus b.) | $ | -2,772.00 |

**B6J (Official Form 6J) (12/07)**

In re   **Margaret J Visek** _____     Case No. _____
                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| **Cell Phone** | $ | **293.00** |
| **Internet** | $ | **60.00** |
| **Total Other Utility Expenditures** | $ | **353.00** |

**Other Expenditures:**

| | | |
|---|---|---:|
| **Personal Care / Haircuts** | $ | **65.00** |
| **Auto Maintenance / Repairs / Oil Changes** | $ | **134.00** |
| **Professional Licenses / Education** | $ | **25.00** |
| **Total Other Expenditures** | $ | **224.00** |

## MONTHLY FINANCIAL REPORT

YOUR NAME *Margaret McCaskill*    CASE NO _____

BUSINESS NAME *Margaret McCaskill, PC*
MONTH AND YEAR *February 2013*

Total Actual Income                              $ *6,534.00* *

Actual Expenses

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ *143.84* | |
| Supplies | $ _____ | |
| Bank Charges | $ *32.00* | |
| Insurance | $ *56.45* | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ *89.18* | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ *803.13* | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| *Car Registration Fee* | $ *99.00* | |
| Professional Services | $ _____ | |
| Income Tax | $ _____ | |
| Payroll Tax | $ _____ | *Disability & Fica* |
| Sales Tax | $ _____ | |
| Other Taxes | $ *500.00* | *Estimated Income Taxes* |
| Misc (Describe: | $ *38.95* | *Internet* |

Total Actual Expenses                           $ *1,762.55*

Net Income (Loss)                               $ *4,771.45*


Cash and Bank Balances for Business
- Cash and bank balances for beginning of month    $ *4,054.25*
- Cash and bank balances for end of month          $ *6,088.58*


I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

*Margaret McCaskill, President*          *9/26/2013*
_____     _____
            Debtor(s)                         Date

* *Income excludes monthly pension of $406.42.*

*February 2013*

5. **Monthly business budget**
   (Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                $ _6,534.00_ *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ 120.00 | |
| Supplies | $ 50.00 | |
| Bank Charges | $ 20.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ 184.00 | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ 803.13 | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ _____ | |
| Payroll Tax | $ _____ | FICA & Disability |
| Sales Tax | $ _____ | |
| Other Taxes | $ 500.00 | Estimated Income Taxes |
| Misc (Describe: | $ 38.95 | Internet |

Total Budgeted Expenses          $ 1,772.53

Net Income (Loss)                $ 4,761.47


I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_
_____          _____
            Debtor(s)                                Date

-2-

* Income Excludes Monthly pension of $405.42.

## MONTHLY FINANCIAL REPORT

YOUR NAME *Margaret McCaskill*   CASE NO. _____

BUSINESS NAME *Margaret McCaskill, PC*

MONTH AND YEAR *MARCH 2013*

Total Actual Income                              $ 4,638.00 *

Actual Expenses

| | |
|---|---|
| Rent | $ _____ |
| Utilities | $ _____ |
| Telephone | $ 139.79 |
| Supplies | $ _____ |
| Bank Charges | $ 35.00 |
| Insurance | $ 56.45   Auto |
| Inventory (Material Purchases) | $ _____ |
| Transportation | $ 120.70 |
| Contract Labor/Subcontractors | $ _____ |
| Employee Salaries | $ _____ |
| Employee Benefits | $ 803.13   Health Ins / HSA |
| Equipment Leases | $ _____ |
| Advertising | $ _____ |
| Professional Services | $ 516.35   H & R Block - TAX Preparation |
| Income Tax | $ 88.00   Disability & FICA |
| Payroll Tax | $ _____ |
| Sales Tax | $ _____ |
| Other Taxes | $ 500.00   Estimated Income Taxes |
| Misc (Describe: | $ 38.95   Internet |

Total Actual Expenses                           $ 2,298.37

Net Income (Loss)                               $ 2,339.63

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ 6,088.58
- Cash and bank balances for end of month         $ 1,802.49

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

*Margaret McCaskill, President*                 9/26/2013

_____                           _____
Debtor(s)                                        Date

* Income excludes monthly pension of $405.42 and
PRS Refund of $2005.

*March 2013*

5.  **Monthly business budget**
    (Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                              $ _4,638.00_ *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ _120.00_ | |
| Supplies | $ _50.00_ | |
| Bank Charges | $ _35.00_ | |
| Insurance | $ _516.45_ | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ _184.00_ | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ _803.13_ | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _516.35_ | H&R Block - Corp. Tax Return Prep. |
| Income Tax | $ _88.00_ | |
| Payroll Tax | $ _____ | FICA & Disability |
| Sales Tax | $ _____ | |
| Other Taxes | $ _500.00_ | Estimated Income Taxes |
| Misc (Describe: | $ _38.95_ | Internet |

Total Budgeted Expenses                                      $ _2,391.88_

Net Income (Loss)                                           $ _2,246.12_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_
_____          _____
            Debtor(s)                            Date

-2-

* *Income Excludes Monthly pension of $405.42 and
IRS Refund of $2,000*

**MONTHLY FINANCIAL REPORT**

YOUR NAME _Margaret McCaskill_   CASE NO_____

BUSINESS NAME _Margaret McCaskill, PC_

MONTH AND YEAR _April   2013_

Total Actual Income                                    $ _4944.00_ ✱

**Actual Expenses**

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ _139.79_ | |
| Supplies | $ _____ | |
| Bank Charges | $ _27.00_ | |
| Insurance | $ _56.45_ | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ _56.81_ | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ _803.13_ | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ _2.00_ | |
| Payroll Tax | $ _____ | Disability & FICA |
| Sales Tax | $ _____ | |
| Other Taxes | $ _500.00_ | Estimated Income Taxes |
| Misc (Describe: | $ _46.95_ | Internet |

Total Actual Expenses                                  $ _1,632.13_

Net Income (Loss)                                      $ _3,311.87_

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ _1,802.49_
- Cash and bank balances for end of month         $ _1,391.32_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_                    _9/26/2013_

Debtor(s)                                          Date

✱ Income excludes monthly pension of $406.42.

*April 2013*

5. **Monthly business budget**
   (Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                    $ *4,944.00* *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ | |
| Utilities | $ | |
| Telephone | $ *120.00* | |
| Supplies | $ *50.00* | |
| Bank Charges | $ *20.00* | |
| Insurance | $ *56.45* | *Auto* |
| Inventory (Material Purchases) | $ | |
| Transportation | $ *184.00* | |
| Contract Labor/Subcontractors | $ | |
| Employee Salaries | $ | |
| Employee Benefits | $ *803.13* | *Health Ins / HSA* |
| Equipment Leases | $ | |
| Advertising | $ | |
| Professional Services | $ | |
| Income Tax | $ | |
| Payroll Tax | $ | *FICA & Disability* |
| Sales Tax | $ | |
| Other Taxes | $ *500.00* | *Estimated Income Taxes* |
| Misc (Describe: | $ *46.95* | *Internet* |

Total Budgeted Expenses                  $ *1,780.53*

Net Income (Loss)                        $ *3,164.00*

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

*Margaret McCaskill, President*          *9/26/2013*
_____          _____
Debtor(s)                                Date

-2-

\* *Income Excludes Monthly pension of $405.42.*

**MONTHLY FINANCIAL REPORT**

YOUR NAME _Margaret McCaskill_   CASE NO _____

BUSINESS NAME _Margaret McCaskill, P.C._

MONTH AND YEAR _____ May _____ 2013 _____

Total Actual Income                                   $ _2,562.00_ *

Actual Expenses

| | | |
|---|---|---|
| Rent | $ | |
| Utilities | $ | |
| Telephone | $ 113.21 | |
| Supplies | $ 46.52 | |
| Bank Charges | $ 80.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ | |
| Transportation | $ 134.43 | |
| Contract Labor/Subcontractors | $ | |
| Employee Salaries | $ | |
| Employee Benefits | $ 803.13 | Health Ins / HSA |
| Equipment Leases | $ | |
| Advertising | $ | |
| Professional Services | $ | |
| Income Tax | $ | |
| Payroll Tax | $ | Disability & FICA |
| Sales Tax | $ | |
| Other Taxes | $ 500.00 | Estimated Income Taxes |
| Misc (Describe: | $ 46.95 | Internet |

Total Actual Expenses                                 $ 1,725.69

Net Income (Loss)                                     $ 836.31

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ 1,391.32
- Cash and bank balances for end of month         $ 276.00

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_

_____          _____
Debtor(s)                                  Date

* Income excludes monthly pension of $405.42.

*May 2013*

5. **Monthly business budget**
   (Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                 $ _2,562.00_ *

Budgeted Expenses

| | |
|---|---|
| Rent | $ _____ |
| Utilities | $ _____ |
| Telephone | $ 120.00 |
| Supplies | $ 50.00 |
| Bank Charges | $ 20.00 |
| Insurance | $ 66.45  *Auto* |
| Inventory (Material Purchases) | $ _____ |
| Transportation | $ 184.00 |
| Contract Labor/Subcontractors | $ _____ |
| Employee Salaries | $ _____ |
| Employee Benefits | $ 803.13  *Health Ins/HSA* |
| Equipment Leases | $ _____ |
| Advertising | $ _____ |
| Professional Services | $ _____ |
| Income Tax | $ _____ |
| Payroll Tax | $ _____  *FICA & Disability* |
| Sales Tax | $ _____ |
| Other Taxes | $ 500.00  *Estimated Income Taxes* |
| Misc (Describe: | $ 46.95  *Internet* |

Total Budgeted Expenses                 $ 1,780.53

Net Income (Loss)                 $ 781.47

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_
_____          _____
Debtor(s)                                    Date

-2-

* *Income Excludes Monthly pension of $405.42.*

## MONTHLY FINANCIAL REPORT

YOUR NAME _Margaret McCaskill_ CASE NO _____

BUSINESS NAME _Margaret McCaskill, P.C._
MONTH AND YEAR _June    2013_

Total Actual Income                                 $ _1,764.00_ *

Actual Expenses
| | | |
|---|---|---|
| Rent | $ | |
| Utilities | $ | |
| Telephone | $ 110.88 | |
| Supplies | $ 46.59 | |
| Bank Charges | $ 50.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ | |
| Transportation | $ 69.91 | |
| Contract Labor/Subcontractors | $ | |
| Employee Salaries | $ | |
| Employee Benefits | $ 803.13 | Health Ins / HSA |
| Equipment Leases | $ | |
| Advertising | $ | |
| Professional Services | $ | |
| Income Tax | $ | |
| Payroll Tax | $ | Disability & Fica |
| Sales Tax | $ | |
| Other Taxes | $ 500.00 | Estimated Income Taxes |
| Misc (Describe: | $ 54.95 | Internet |

Total Actual Expenses                               $ _1,691.84_

Net Income (Loss)                              — $ _72.16_ (Loss)

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ _276.06_
- Cash and bank balances for end of month         $ _1,295.05_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_              _9/26/2013_

Debtor(s)                                    Date

* Income excludes monthly pension of $405.42.

*June 2013*

5. **Monthly business budget**
   **(Based on an average from prior months and estimated future income and expenses)**

Budgeted Income (Gross Receipts)                    $ _1,764.00_ *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ _120.00_ | |
| Supplies | $ _50.00_ | |
| Bank Charges | $ _20.00_ | |
| Insurance | $ _56.45_ | *Auto* |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ _184.00_ | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ _832.02_ | *Health Ins / HSA* |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ _____ | |
| Payroll Tax | $ _____ | *FICA & Disability* |
| Sales Tax | $ _____ | |
| Other Taxes | $ _500.00_ | *Estimated Income Taxes* |
| Misc (Describe: | $ _64.95_ | *Internet* |

Total Budgeted Expenses                    $ _1,817.42_

Net Income (Loss)                    – $ _53.42 (Loss)_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

*Margaret McCaskill, President*                    *9/26/2013*
_____                    _____
Debtor(s)                    Date

-2-

\* *Income Excludes Monthly pension of $405.42.*

**MONTHLY FINANCIAL REPORT**

YOUR NAME _Margaret McCaskill_    CASE NO. _____

BUSINESS NAME _Margaret McCaskill, P.C._

MONTH AND YEAR _July    2013_

Total Actual Income                    $ _1,086.00_  *

Actual Expenses
| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _113.77_ | |
| Telephone | $ _____ | |
| Supplies | $ _____ | |
| Bank Charges | $ _50.00_ | |
| Insurance | $ _56.45_ | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ _64.85_ | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ _832.02_ | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ _____ | |
| Payroll Tax | $ _____ | Disability & FICA |
| Sales Tax | $ _____ | |
| Other Taxes | $ _500.00_ | Estimated Income Taxes |
| Misc (Describe: | $ _54.95_ | Internet |

Total Actual Expenses              $ _1,672.04_

Net Income (Loss)          — $ _586.04_ (Loss)

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ _1,095.05_
- Cash and bank balances for end of month        $ _101.80_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_        _9/26/2013_
_____        _____
Debtor(s)                      Date

* Income excluded monthly pension of $405.42.

*July 2013*

5.  **Monthly business budget**
    **(Based on an average from prior months and estimated future income and expenses)**

Budgeted Income (Gross Receipts)                                $ _1,086.00_ *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ _120.00_ | |
| Supplies | $ _50.00_ | |
| Bank Charges | $ _15.00_ | |
| Insurance | $ _56.45_ | *Auto* |
| Inventory (Material Purchases) | $ _184.00_ | |
| Transportation | $ _____ | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ _832.00_ | *Health Ins / HSA* |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ _____ | |
| Payroll Tax | $ _____ | *FICA & Disability* |
| Sales Tax | $ _____ | |
| Other Taxes | $ _500.00_ | *Estimated Income Taxes* |
| Misc (Describe: | $ _54.95_ | *Internet* |

Total Budgeted Expenses                                $ _1,812.40_

Net Income (Loss)                              – $ _726.40 (Loss)_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

_Margaret McCaskill, President_                  _9/26/2013_
Debtor(s)                                                    Date

-2-

\* *Income Excludes Monthly pension of $405.42.*

## MONTHLY FINANCIAL REPORT

YOUR NAME _Margaret McCaskill_ CASE NO _____

BUSINESS NAME _Margaret McCaskill, PC_

MONTH AND YEAR _August    2013_

Total Actual Income                                    $ _2,638.50_ *

Actual Expenses

| | | |
|---|---|---|
| Rent | $ | |
| Utilities | $ | |
| Telephone | $ 123.90 | |
| Supplies | $ 63.20 | |
| Bank Charges | $ 15.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ | |
| Transportation | $ 117.74 | |
| Contract Labor/Subcontractors | $ | |
| Employee Salaries | $ | |
| Employee Benefits | $ 482.02 | Health Ins / HSA |
| Equipment Leases | $ | |
| Advertising | $ | |
| Professional Services | $ | |
| Income Tax | $ 194.11 | |
| Payroll Tax | $ 77.46 | Disability & Fica |
| Sales Tax | $ | |
| Other Taxes | $ 500.00 | Estimated Income Taxes |
| Misc (Describe: | $ 54.95 | Internet |

Total Actual Expenses                                 $ _1,684.83_

Net Income (Loss)                                     $ _953.67_

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month    $ _101.80_
- Cash and bank balances for end of month          $ _578.57_

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_                  _9/26/2013_

Debtor(s)                                           Date

* Income excludes monthly pension of $406.42.

*August 2013*

5.  Monthly business budget
    (Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                    $ *2,638.50* *

Budgeted Expenses

| | | | |
|---|---|---|---|
| Rent | $ | | |
| Utilities | $ | | |
| Telephone | $ *120.00* | | |
| Supplies | $ *50.00* | | |
| Bank Charges | $ *15.00* | | |
| Insurance | $ *56.45* | *Auto* | |
| Inventory (Material Purchases) | $ | | |
| Transportation | $ *184.00* | | |
| Contract Labor/Subcontractors | $ | | |
| Employee Salaries | $ | | |
| Employee Benefits | $ *482.00* | *Health Ins / HSA* | |
| Equipment Leases | $ | | |
| Advertising | $ | | |
| Professional Services | $ | | |
| Income Tax | $ *194.11* | | |
| Payroll Tax | $ *77.46* | *FICA & Disability* | |
| Sales Tax | $ | | |
| Other Taxes | $ *500.00* | *Estimated Income Taxes* | |
| Misc (Describe: | $ *54.95* | *Internet* | |

Total Budgeted Expenses                             $ *1,733.99*

Net Income (Loss)                                   $ *904.51*

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

*Margaret McCaskill, President*                     *9/26/2013*
_____          _____
          Debtor(s)                                  Date

-2-

* *Income Excludes Monthly pension of $405.42.*

**MONTHLY FINANCIAL REPORT**

YOUR NAME _Margaret McCaskill_   CASE NO_____

BUSINESS NAME _Margaret McCaskill, PC_

MONTH AND YEAR _September 2013_

Total Actual Income                                     $ _187.50_  *

**Actual Expenses**

| | | |
|---|---|---|
| Rent | $ _____ | |
| Utilities | $ _____ | |
| Telephone | $ 121.43 | |
| Supplies | $ 64.93 | |
| Bank Charges | $ 15.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ _____ | |
| Transportation | $ 75.60 | |
| Contract Labor/Subcontractors | $ _____ | |
| Employee Salaries | $ _____ | |
| Employee Benefits | $ 407.02 | Health Ins / HSA |
| Equipment Leases | $ _____ | |
| Advertising | $ _____ | |
| Professional Services | $ _____ | |
| Income Tax | $ 14.38 | |
| Payroll Tax | $ 14.34 | Disability & FICA |
| Sales Tax | $ _____ | |
| Other Taxes | $ 560.00 | Estimated Income Taxes |
| Misc (Describe: | $ 54.95 | Internet |

Total Actual Expenses   $ 618.14   $ 1,942.24   Car Repairs

Net Income (Loss)   − $ 1,754.74 (Loss)

Cash and Bank Balances for Business
- Cash and bank balances for beginning of month   $ 165.02
- Cash and bank balances for end of month   $ 13.52

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_

Debtor(s)                               Date

* Income excludes monthly pension of $405.42.

*Sept 2013*

5. Monthly business budget
(Based on an average from prior months and estimated future income and expenses)

Budgeted Income (Gross Receipts)                    $ _187.50_    *

Budgeted Expenses

| | | |
|---|---|---|
| Rent | $ | |
| Utilities | $ | |
| Telephone | $ 120.00 | |
| Supplies | $ 50.00 | |
| Bank Charges | $ 15.00 | |
| Insurance | $ 56.45 | Auto |
| Inventory (Material Purchases) | $ | |
| Transportation | $ 184.00 | |
| Contract Labor/Subcontractors | $ | |
| Employee Salaries | $ | |
| Employee Benefits | $ 407.02 | Health Ins / HSA |
| Equipment Leases | $ | |
| Advertising | $ | |
| Professional Services | $ | |
| Income Tax | $ 14.38 | |
| Payroll Tax | $ 14.34 | FICA & Disability |
| Sales Tax | $ | |
| Other Taxes | $ 500.00 | Estimated Income Taxes |
| Misc (Describe: | $ 54.95 | Internet |

Total Budgeted Expenses                    $ 1,416.14

Net Income (Loss)                    — $ 1,228.64 (Loss)

I CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING
STATEMENT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMTION
AND BELIEF.

_Margaret McCaskill, President_          _9/26/2013_
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗          ‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Debtor(s)                              Date

* Income Excludes Monthly pension of $405.42.

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Margaret J Visek**
_____
                                    Debtor(s)

Case No. _____
Chapter    **7**   _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **36**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **September 30, 2013**_____

Signature   **/s/ Margaret J Visek**_____
                **Margaret J Visek**
                Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Margaret J Visek**
_____                    Case No.
                                              Debtor(s)          Chapter          **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$32,000.00** | **2013 YTD: Employment / Pension Income** |
| **$48,226.00** | **2012: Employment** |
| **$75,429.00** | **2011: Employment** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None ■ **Complete a. or b., as appropriate, and c.**

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None ■ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None ■ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| **The Bank of New York v Margaret J McCaskill 2013 CH 2519** | **Foreclosure** | **Eighteenth Judicial Circuit DuPage County, Illinois** | **Pending** |
| **Visek v Visek 1997 D 1259** | **Dissolution of Marriage** | **Circuit Court Cook County, Illinois** | **Cancelled** |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND VALUE OF<br>PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION AND VALUE OF<br>PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP TO<br>DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9.  Payments related to debt counseling or bankruptcy**

None
□

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
| --- | --- | --- |
| **Lynch Law Offices, P.C.**<br>**801 Warrenville Road, Ste. 152**<br>**Lisle, IL 60532** | **11/12/12** | **$2,000.00 inclusive of all costs** |

B7 (Official Form 7) (04/13)
4

### 10.  Other transfers

None
■   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■   b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11.  Closed financial accounts

None
■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12.  Safe deposit boxes

None
■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13.  Setoffs

None
■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14.  Property held for another person

None
■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                  NAME USED                              DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                        DOCKET NUMBER                        STATUS OR DISPOSITION

B7 (Official Form 7) (04/13)
6

### 18 . Nature, location and name of business

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Margaret J Visek, PC** | | **406 South Craig Place Lombard, IL 60148** | **Law Practice** | |

None ■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                            ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None ■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                            DATES SERVICES RENDERED

None ■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                              DATES SERVICES RENDERED

None ■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                            ADDRESS

None ■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                                            DATE ISSUED

B7 (Official Form 7) (04/13)

7

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■      employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date  **September 30, 2013**                    Signature   **/s/ Margaret J Visek**

                                                            **Margaret J Visek**
                                                            Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Margaret J Visek** _____    Case No. _____

Debtor(s)                          Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Cco Mortgage Corp.** | **Describe Property Securing Debt:**<br>**Location: 406 South Craig Place, Lombard IL 60148**<br>**Value per zillow.com 9/30/13** |

Property will be (check one):

■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Nationstar Mortgage Ll** | **Describe Property Securing Debt:**<br>**Location: 406 South Craig Place, Lombard IL 60148**<br>**Value per zillow.com 9/30/13** |

Property will be (check one):

■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

B8 (Form 8) (12/08)                                                                                              Page 2

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **September 30, 2013**                Signature  **/s/ Margaret J Visek**

                                                     **Margaret J Visek**
                                                     Debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re **Margaret J Visek** _____

                                    Debtor(s)

Case No. _____

Chapter     **7** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | **2,000.00** |
| Prior to the filing of this statement I have received | $ | **2,000.00** |
| Balance Due | $ | **0.00** |

2. $ **306.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **September 30, 2013** _____

**/s/ John J Lynch** _____
**John J Lynch 6270193**
**Lynch Law Offices, P.C.**
**801 Warrenville Road, Ste. 152**
**Lisle, IL 60532**
**630-960-4700  Fax: 630-324-7131**
**JJLynch@JJLynchLaw.Com**

---

LAW OFFICE OF JOHN J LYNCH, P.C.                    Rev 5/11

# CHAPTER 7
# BANKRUPTCY RETAINER AGREEMENT

Client Name: _Marjanct  Visele_

    The undersigned, (Client), retains The Law Offices of John J. Lynch, P.C. dba Bankruptcy Counselors, LTD (Attorney) to represent Client in a Chapter 7 Bankruptcy proceeding and Attorney accepts this employment. Attorney has agreed to represent client for a Chapter 7 Bankruptcy, Attorney Fee of $ _1,900.00_ and estimated cost of $ 411.00 Individual / $446.00 Joint which is comprised of the Filing Fee ($306.00), Credit Reports ($35.00 individual / $70.00 joint), Credit Counseling ($70.00) and all pacer fees, postage and copies.

Total Due _2000_

Minimum Down payment today of $ _$500_     Balance Due to file $ _____

To be paid as follows: _____

    Payments on the above attorney fee are "advance payment retainers" and become property of this firm on payment. Payments are applied to your "flat fee". If you or we terminate this contract, we will bill you for any work done at $250.00/hr attorney time and $85/hr clerk time with an accounting within 30 days if requested in writing. Any unearned fees will be promptly refunded after the delivery of the invoice.

**Down payments cover all work done after the free consultation and are performed at contract rate and are not 100% refundable. This is a flat fee regardless of time spent on your case.**

## TERMS AND CONDITIONS

1. I/We acknowledge receipt of 11 U.S.C. 527(a) disclosures (attached as Exhibit A).

2. I/We understand that if I/we don't pay the attorney as agreed my case may be closed and I/we will be charged for work done to date through and including the date of final closure. There may be an additional fee to re-open the case. Costs that have been expended by attorney will be deducted from the down payment.

3. The attorney fee includes Analysis of your financial situation, and rendering advice in determining whether to file a petition in bankruptcy;. Preparation and filing of any petition, schedules statement of affairs and plan which may be required; Representation at the meeting of creditors and any adjourned hearings thereof.

4. Fee does NOT include missed court dates and amendments to schedules, audits and examinations in addition to meeting of creditors, contested matters, non-routine motions, objections to discharge or adversary complaints. Fees for these additional services to be determined if necessary and Attorney agrees to provide a separate retainer agreement for these matters.

5. No case will be filed in court unless I provide fee, costs and info and I sign my petition. I/We understand collection action (including but not limited to garnishment, levy and foreclosure) continues until case is filed in court.

6. I/We understand the option of both Chapter 13 and Chapter 7. I/We understand that the U.S. Trustee may oppose a Chapter 7 filing on grounds of excess income, or abuse, or other grounds.

LAW OFFICE OF JOHN J LYNCH, P.C.                                    Rev 5/11

7. I/We understand that my attorney may refuse to sign a reaffirmation agreement on my secured debts if it imposes an undue hardship upon me. Any reaffirmations agreements will be billed separately in the amount of $100.00 per Agreement. A maximum of two (2) reaffirmation agreements are included in the flat fee.

8. I/We understand that Bankruptcy law only permits me to protect a certain amount of my property by exempting it, and that ANY non-exempt property may be taken by the Chapter 7 trustee and sold. I agree to read my final petition, and provide accurate information. If ANY property is not claimed exempt the Chapter 7 Trustee can sell it if I do not or cannot buy out the Trustee's interest.

9. Creditors and the U.S. Trustee can object to discharge in Chapter 7 for many reasons and I have discussed this with my attorney.

10. I understand that certain debts such as student loans, child and/or spousal support, recent taxes, fines, matters regarding fraud, traffic and criminal fines and debts creditors successfully object to are NOT dischargeable in Chapter 7.

11. If I close my file or breach this contract I agree to pay for the work done up to and including the final closing of the case.

12. I/We agree not to incur or transfer debt or property before this case is filed and discharged, without court permission.

13. I/We assign to my attorney all amounts tendered as filing fees and authorize my attorney to transfer said funds from his trust account to his operating account in payment of all outstanding fees owed by me if case is not filed.

14. I/We have filed all tax returns for last 4 years or will file them before this case is filed. I/We understand that the case will be dismissed by the US Trustee if all tax returns are not filed.

15. I agree that more than one attorney may work on my case and that if the firm name or structure changes this agreement remains in force with the new entity.

16. We hire other attorneys to work with this law firm and part of your fees may be paid to them on the basis of work & responsibility.

17. I understand that I must keep child support payments current, I also understand that I must provide the name and address for the person receiving the support payments and that he/she may be notified of my bankruptcy.

18. I/We may have to turn over income tax refunds to the Chapter 7 trustee. My attorney has discussed this with me/us and I/we understand the possibility that his may occur in the case.

19. Chapter 7 Discharge is subject to Court and creditor approval or objection.

20. I/We understand that if I/we have a lawsuit or get served with a summons, I/we agree to do all things necessary to file this bankruptcy case before a judgment is entered. Judgments become liens on all real and personal property, and the resulting lien may not be able to be eliminated. I/We may be asked to provide a real estate appraisal before filing. If I/we have a foreclosure suit pending, I/we understand that it may proceed quickly to a sheriff sale. It is my/our duty to do what is necessary to file this bankruptcy prior to the foreclosure sale. I release The Law Offices of John J Lynch, P.C and their attorneys and his associated attorney from any liability for judgments resulting in garnishments or liens on property before my case is filed. It is understood that The Law Offices of John J. Lynch, P.C does not represent me in any lawsuits and is only representing my/our interests in the bankruptcy matter. Any information or assistance offered by The Law Offices of John J. Lynch, P.C in other matters is strictly for informational purposes only and does not constitute legal representation nor legal counsel in that matter.

LAW OFFICE OF JOHN J LYNCH, P.C.                                         **Rev 5/11**

## The undersigned client agrees and understands the following

1. **Two credit counseling classes are required.** I will take 2 classes: One Credit Counseling <u>before</u> filing and One Financial Class after Filing. I will provide my attorney the certificates to file in court.

2. **Document production required.** Before filing, I agree to supply my attorney with <u>copies, not originals,</u> of
   a. Last 7 months of pay stubs before filing
   b. Last 2 years of filed federal tax transcripts or filed stamped copies of returns.
   c. Proof of all income I have received in the last 7 months,
   d. Any documents on the document list we are giving you for your district, or that the trustee asks for after filing.
   e. If you have high credit card balances, the last 2 years statements: after filing you may not be able to get them.

3. **Truthfulness under penalty of perjury:** I must tell the truth in all matters and
   a. List all creditors. I agree that is my responsibility and I will pay any unlisted creditors.
   b. List all property including cash value life insurance, household goods, real estate interests.
   c. List all joint property with others, transfers of property in last 10 years.
   d. Supply any information after filing that the Trustee asks for

4. **Chapter 7 or 13 eligibility:** The Chapter I can file is determined by my income and expenses allowed under the IRS guidelines. It is possible that as I continue to supply information to my attorney, the advice I have been given may change, which may mean that I will have to file a Chapter different from the one I originally agreed to. If that happens, I still have to pay for work done if I decide not to file a bankruptcy.

5. **Time Sensitive:** Do NOT delay in supplying the information that we are requesting. The information and documentation is <u>extremely</u> time sensitive. If my information changes, or I fail to make regular payments no less than each 30 days on fees, and pay my fees and costs in full within 4 months, my case may be closed by this office and I may have to pay all fees in cash with an additional fee to reopen it and continue, and supply necessary information again.

6. **Tax Refunds:** If I receive a tax refund, it is possible that there has been over-withholding too much tax, creating excess income I could use now to pay expenses or debt. I agree to turn over any tax refunds due or received after filing to the Trustee. I have been advised to go to my tax preparer or an IRS service office and adjust my withholding before filing so it covers my tax liability and no more.

7. **Riders to Contract:** _____

**Chapter 7 - Client acknowledges that attorney will not file the Bankruptcy Petition until full payment of the attorney fee and costs are received and paid in full.**

**I/we have read the above, the attorney has explained any questions and I agree to all terms.**

X _____  X _____  Date: 11 / 9 / 12

Print Name: _____

Law Offices of John J Lynch, P.C.

By: _____

LAW OFFICE OF JOHN J LYNCH, P.C.                                  Rev 5/11

Exhibit A

# REQUIRED 11 U.S.C. 527 Disclosure

"IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

1. "If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

"The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

"Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

"If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

"If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

"If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

"Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice."

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Margaret J Visek**
_____
Debtor(s)

Case No. _____
Chapter   **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Margaret J Visek** | X **/s/ Margaret J Visek** | **September 30, 2013** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Margaret J Visek**                                          Case No.
                                    Debtor(s)                    Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                   **19**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **September 30, 2013**                    **/s/ Margaret J Visek**
                                                 **Margaret J Visek**
                                                 Signature of Debtor

Arnoldharris
600 West Jackson Suite 710
Chicago, IL 60661


Cach, Llc
4340 S Monaco St Unit 2
Denver, CO 80237


Cco Mortgage Corp.
2812 Emerywood Pkwy
Richmond, VA 23294


Chase
Po Box 15298
Wilmington, DE 19850


Chase Bank
NCO Financial
PO Box 15630
Wilmington, DE 19850


Citi
Po Box 6241
Sioux Falls, SD 57117


City of Chicago Dept of Revenue
P.O. Box 88292
Chicago, IL 60680


Discover Financial Ser
Po Box 30954
Salt Lake City, UT 84130


Gecrb/Banana Rep
Po Box 965005
Orlando, FL 32896


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197


Jonathan Schatz, Esq.
33 N. Dearborn, Ste. 1900
Chicago, IL 60602

Kohls/Capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051


Mcydsnb
9111 Duke Blvd
Mason, OH 45040


Merchants Credit Guide
223 W Jackson Blvd Ste 4
Chicago, IL 60606


Nationstar Mortgage Ll
350 Highland Dr
Lewisville, TX 75067


Social Security Administration
Western Program Service Center
PO Box 2000
Richmond, CA 94802


Stuart Gordon, Esq.
Morgan & Gordon
1 Northfield Plaza, Ste. 500
Northfield, IL 60093


Veritext Legal Solutions
1 N. LaSalle Street, Ste. 400
Chicago, IL 60602


Wff Cards
3201 N 4th Ave
Sioux Falls, SD 57104